UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YERICEDT GONZALEZ LUENGAS,<br><br>　　　　　　　　　　　　Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of U.S. Department of Homeland Security, et al,<br><br>　　　　　　　　　　　　Respondents. | Case No.: 26-cv-236-RSH-KSC<br><br>**ORDER DISMISSING PETITION**<br><br>[ECF No. 2] |

　　　On January 15, 2026, petitioner Yericedt Gonzalez Luengas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Pursuant to a briefing schedule set by the Court, Respondents filed a return. ECF No. 5.

　　　Petitioner is a citizen of Colombia. ECF No. 1-5 at 1. On December 6, 2025, she was arrested and taken into immigration custody. *Id.* The same day, she was the subject of an expedited order of removal pursuant to 8 U.S.C. § 1225(b)(1), as an applicant for admission not in possession of valid entry documents. *See* ECF No. 5-2 at 1 (expedited order of removal citing 8 U.S.C. § 1182(a)(7)(A)(i)(I) as basis for inadmissibility).

　　　On December 15, 2025, Petitioner participated by telephone, and with an interpreter, in a credible fear interview with an asylum officer. ECF No. 1-5 at 1. She was found not to

have a credible fear of persecution if returned to Colombia. ECF No. 1 at 3. Petitioner thereafter sought review by an immigration judge. On December 30, 2025, the immigration judge affirmed the determination of lack of credible fear. *Id.* Petitioner alleges in her habeas petition that her telephone interview did not allow her to fully explain her fear. *Id.* at 7. She further states that she fears returning to Colombia because of past persecution and the risk of future harm. ECF No. 1-5 at 2.

The Supreme Court has held that "courts may not review 'the determination' that an alien lacks a credible fear of persecution." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 112 (2020) (citing 8 U.S.C. § 1252(a)(2)(A)(iii)). In the context of expedited removal orders under 8 U.S.C. § 1225(b)(1), federal law prohibits judicial review of "the 'procedures and policies' that have been adopted to 'implement' the expedited removal process; the decision to 'invoke' that process in a particular case; the 'application' of that process to a particular alien; and the 'implementation' and 'operation' of any expedited removal order." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1155 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(a)(2)(A)). "Congress could scarcely have been more comprehensive in its articulation of the general prohibition on judicial review of expedited removal orders." *Id.* By statute, judicial review of such orders is limited to determinations whether the petitioner is an alien, whether the petitioner was ordered removed under 8 U.S.C. § 1225(b)(1), and whether the petitioner can prove by a preponderance of the evidence that he or she has been granted status as a lawful permanent resident, refugee, or asylee. 8 U.S.C. § 1252(e)(2). In addressing these questions, "the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5).

Petitioner here challenges her negative credible fear determination and the application of the expedited removal process to her case. Petitioner's claim falls within the scope of the statutory prohibition on judicial review of expedited removal orders, and does not fall within the narrow exception to that prohibition.

1  The Court concludes that it lacks jurisdiction to hear Petitioner's claim. Accordingly,
2  the Petition is **DISMISSED**. Petitioner's application for a temporary restraining order
3  [ECF No. 2] is **DENIED**. The Clerk of Court is directed to close the case.
4      **IT IS SO ORDERED**.
5  Dated: January 30, 2026

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge